UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Great American Life Insurance Co., <br>                    Plaintiff-in-Interpleader, <br> v. <br> Deborah Joan Hollick, et al., <br>                    Defendants-in-Interpleader. | Case No.: 17-cv-1288-AJB-WVG <br><br> **ORDER GRANTING GREAT AMERICAN'S MOTION TO DISMISS (Doc. No. 60)** |

Before the Court is Great American's motion to dismiss themselves from litigation, discharge themselves of all liability, seek a permanent injunction from future related litigation, and to recover attorney's fees and costs. Because the Court finds Great American has suitably interpled the litigated funds, the Court **GRANTS** the dismissal motion.

## I. BACKGROUND

Helga A. Neubert (decedent), had two single premium deferred annuities—one with Fidelity and one with Great American. Her daughter, Deborah Hollick, was the sole beneficiary. Neubert died in Germany and Hollick filed a claim for the annuity. Shortly after, Great American received a letter from Reinhard von Hennigs, who represented Diana Bachmann and Leilani Stretz, who claimed they were the holders of powers of attorney to Neubert's estate. The letter asserted that German inheritance law applied, and because Bachmann and Stretz held the powers of attorney, they were authorized to withdraw gifts Neubert made to them from the estate. They directed Great American to make the estate

1

the annuity's beneficiary so they could withdraw their gifts, and requested no disbursements be made to Hollick, as it would be a breach of fiduciary duty to Neubert. Unable to determine the proper beneficiary, Great American filed this interpleader action against Hollick and Bachmann and Stretz. Great American deposited $571,250.63 with the Court, which is the payment amount of the annuity plus interest.

After a show cause hearing, the Court decided all motions in favor of Hollick in both the instant and related case: including granting Hollick's summary judgment motion, (Doc. No. 24), and denying Bachmann and Stretz's dismissal motion, (Doc. No. 26). The Court also granted Fidelity's nearly identical dismissal motion in the related case. (*Fidelity v. Hollick*, Case No. 17-cv-1108-AJB-WVG, Doc. No. 62.) Hollick, the only responding party to the instant motion, filed a notice of non-opposition. (Doc. No. 62.)

## II. LEGAL STANDARDS

"In an interpleader action, the 'stakeholder' of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992). "Procedurally, an interpleader action encompasses two stages. First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from liability. The second stage involves an adjudication of the adverse claims of the defendant claimants." *Metro. Life Ins. Co. v. Billini*, No. CIV. S–06–02918 WBS KJM, 2007 WL 4209405, at *2, (E.D. Cal. Nov. 27, 2007) (internal citations and quotation marks omitted). After determining an interpleader action's appropriateness, a court is entitled to discharge a plaintiff-stakeholder who has no interest in the disputed funds. *Mendez v. Teachers Ins. & Annuity Ass'n and College Retirement Equities Fund*, 982 F.2d 783, 787 (2d Cir. 1992); *Valley Forge Life Ins. Co. v. Dena Hulse*, Case No. C 06–6415 PJH, 2007 WL 2012740, at *2 (N.D. Cal. July 6, 2007)). However, "any injunction that is issued only can extend to litigation involving the fund that is the subject matter of the interpleader." *Wash. Elec. Co-op., Inc. v. Paterson, Walke & Pratt, P. C.*, 985 F.2d 677, 680 (2d Cir. 1993) (citations omitted).

## III. ANALYSIS

Great American seeks to be (1) dismissed from the action, (2) discharged from liability, (3) enjoined from future proceedings, and (4) compensated for attorney's fees and costs. (Doc. No. 60.)

### A. Great American's Dismissal from Action

To determine the complaint's appropriateness, the Court must determine whether it has jurisdiction and whether there is a legitimate fear of multiple litigation. *See Transamerica Life Ins. Co. v. Shubin*, No. 1:11–cv–01958–LJO–SKO, 2012 WL 2839704, at *4–*5 (E.D. Cal. July 10, 2012).

#### 1. The Court has Jurisdiction

According to 28 U.S.C. § 1355, a district court has jurisdiction if the property in question exceeds $500 and if the claimants are diverse as defined in 28 U.S.C. § 1332. Great American's complaint establishes diversity jurisdiction as Great American is a citizen of Ohio, Hollick is a citizen of California, and Bachmann and Stretz are citizens of Germany. (Doc. No. 1 at 2.) The amount-in-controversy exceeds the threshold because the annuity in dispute is $500,000, plus interest. (*Id.* at 3) Thus, the Court has jurisdiction.

#### 2. Great American had a Legitimate Fear of Multiple Litigation

Rule 22(a)(1) also requires fear of multiple litigation or liability. Fed. R. Civ. P. 22. "Interpleader is appropriate if the stakeholder-plaintiff has a real and reasonable fear of double liability or vexatious, conflicting claims." *Prudential Ins. Co. of Am. v. Wells*, No. C09–0132 BZ, 2009 WL 1457676, at *2 (N.D. Cal. May 21, 2009) (internal citations and quotations omitted). Great American claims they were "presented with the real possibility of multiple liability." (Doc. No. 60 at 6.) Both Bachmann and Stretz, as well as Hollick, have made claims to Neubert's annuity with each claiming a different set of laws apply. Moreover, Bachmann and Stretz insisted Great American was not to distribute funds to Hollick, proving these claims are directly competing. (*Id.*) As such, the Court finds Great American had a legitimate fear of multiple litigants.

Thus, the Court finds the interpleader action is proper because it meets the statutory requirement for diversity and there was a fear of multiple litigation.

**B. Great American is Discharged from Liability**

"Once the court determines that an interpleader is proper, it may discharge the stakeholder from further liability." *Transamerica*, 2012 WL 2839704 at *6; *see also Wells Fargo Bank v. PACCAR Fin. Corp.*, No. 1:08–CV–00904 AWI SMS, 2009 WL 211386, at *2 (E.D. Cal. Jan. 28, 2009) (explaining that in a rule interpleader action, "[i]f an interpleading plaintiff has no interest in the stake, the plaintiff should be dismissed"). "A court should readily discharge a disinterested stakeholder from further liability absent a stakeholder's bad faith in commencing an interpleader action, potential independent liability to a claimant, or failure to satisfy requirements of rule or statutory interpleader." *OM Financial Life Ins. Co. v. Helton*, No. CIV. 2:09–1989 WBS EFB, 2010 WL 3825655, at *3 (E.D. Cal. Sept. 28, 2010) (citations omitted).

Great American argues they are a disinterested stakeholder who brought this action in good faith, thus should be discharged from liability. (Doc. No. 60 at 6.) *See New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 96 (2d Cir. 1983) (holding that a disinterested stakeholder may be discharged unless the action was brought in bad faith). Great American's only obligation is to pay out the annuity, which it has deposited with the Court. Great American has shown no other interests in the litigation or bad faith in initiating the proceedings. Thus, the Court finds discharging Great American from the case is appropriate.

**C. Great American is Enjoined from Future Proceedings**

In "any civil action of interpleader" a district court may discharge the interpleading plaintiff from further liability, enjoin the parties from instituting further related actions, and make all other appropriate orders. 28 U.S.C. § 2361; *Sun Life. Assur. Co. of Canada v. Chan's Estate*, No. C-03-2205 SC, 2003 WL 22227881, at * 2 (N.D. Cal. Sept. 22, 2003); *U.S. v. High Tech. Prods.*, 497 F.3d 637 (6th Cir. 2007) (Plaintiff stake-holder may also request injunctive relief in which the court enjoins pending or future proceedings against

it by defendants in any other court."). Great American brought this interpleader action solely to determine the proper parties to receive the annuity and to avoid future claims and litigation. Because the Court finds Great American is merely a disinterested stakeholder, the Court enjoins Great American from any future proceedings against it related to these claims.

### D. Great American is Entitled to Recover Attorney's Fees and Costs

A party "should be awarded attorney fees for the services of his attorneys in interpleading." *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962). The court exercises its discretion to determine whether the amount of attorney fees requested are reasonable. *See Tr. of Dir. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000); *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982). Generally, an insurer which institutes an interpleader to determine the rights of adverse claimants to policy benefits may recover attorney fees. *See Mass. Mut. Life Ins. Co. v. Morris*, 61 F.2d 104 (9th Cir. 1932).

Great American seeks $5,454.00 in attorney's fees and costs. (Doc. No. 60 at 9.) This includes $5,000 in attorney's fees—a reduction of actual fees—as well as $454 in costs. (*Id.* at 9.) The Court finds Great American's costs to be reasonable as they were used for initiating the impleader action, effecting service, opposing motions, and participating in conferences. (*Id.* at 9–10.) Thus, the Court **GRANTS** awarding Great American $5,454.00 for attorney's fees and costs.

### V. CONCLUSION

Great American's motion to dismiss is **GRANTED**. (Doc. No. 60.) Great American is dismissed and discharged from this action, enjoined from future suits related to this

//
//
//
//

5

action, and is awarded attorney's fees and costs. The Clerk of Court is directed to pay Great American's claim for $5,454.00 care of their counsel of record forthwith.

**IT IS SO ORDERED.**

Dated: February 5, 2018

Hon. Anthony J. Battaglia
United States District Judge